UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| LUCAS MACK, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HEIDI MACK;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **1:24-CV-01013-CCT**<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff, Lucas Mack (Mack), in his individual capacity, as personal representative of the Estate of Heidi Mack, and as guardian ad litem for A.M., brings this action against Defendant, United States of America, pursuant to the Federal Tort Claims Act (FTCA). Docket 1. Mack alleges that on August 19, 2023, Heidi Mack (Heidi) and A.M. were traveling on 458th Avenue ("Whipple Road") in Roberts County, South Dakota, when a vehicle operated by Ignacio Galarza, an employee of United State Postal Service (USPS), negligently collided with the John Deere Gator being operated by Heidi, causing the death of Heidi and injuring A.M. *Id.* ¶¶ 7, 10-11, 18. Mack contends that at the time of the incident, Galarza was acting within the course and scope of his employment with USPS. *Id.* ¶ 10.

Mack now moves for partial summary judgment in his favor, asserting that (1) Galarza was negligent as a matter of law and (2) he was acting within

1

the course and scope of his employment with the USPS at the time of the collision. Docket 20 at 1-2. Mack also requests that the Court "take judicial notice of the fact that Ignacio Galarza pleaded guilty to and was convicted of careless driving under SDCL 32-24-8 for the manner in which he operated his vehicle at the relevant time in question[.]" *Id.* at 1-2. The government has filed a response in opposition. Docket 24. Mack has submitted a reply. Docket 27.

## BACKGROUND

Unless otherwise noted, the following facts are uncontested.[1]

On August 19, 2023, Heidi and her daughter A.M. were traveling northbound on Whipple Road, "which is a rural two-lane asphalt road with a posted speed limit of 55 mph." Docket 22 ¶¶ 1-3; Docket 25 ¶¶ 1-3. Traveling behind Heidi was USPS clerk Galarza, who was traveling from the post office in Summit, South Dakota (the "Summit Office") to the post office in Peever, South Dakota (the "Peever Office"). Docket 22 ¶¶ 1-2, 5; Docket 25 ¶¶ 1-2. At some point, when Heidi attempted to make a left turn, Galarza collided with Heidi. Docket 22 ¶¶ 5-6; Docket 25 ¶ 6.

---

[1] The government asserts that it is unable to fully respond to certain of Mack's asserted undisputed material facts because discovery has not yet occurred, and the case remains in its early stages. Docket 24. As a result, the government states that it lacks sufficient information to admit or deny some of Mack's factual assertions. *Id.*; Docket 25. While Local Rule 56.1(B) requires a party opposing a summary judgment to specifically identify material facts in dispute and support such disputes with citations to the record, the Court recognizes that the current procedural posture limits the development of a complete factual record. Accordingly, the background section reflects those facts that are admitted by the government, as well as certain factual allegations made by Mack that are not yet admitted or denied.

After the incident, South Dakota Highway Patrol Trooper Juan Flores investigated the accident. Docket 22 ¶ 11. During the course of the investigation, it was revealed that Galarza was traveling 65 miles per hour at the time of the collision. *Id.* ¶ 15. As a result of Trooper Flores's investigation, Galarza was cited for, among other things, careless driving. *Id.* ¶ 17; Docket 25 ¶ 17. Galarza ultimately pled guilty to and was convicted of careless driving under SDCL § 32-24-8. Docket 22 ¶ 18; Docket 25 ¶ 18.

On June 12, 2024, "Mack brought this Federal Tort Claims Act proceeding against the [government] seeking damages for the wrongful death of Heidi, injuries caused to A.M., and property damage." Docket 22 ¶ 19; Docket 25 ¶ 19. "In its Answer, the [government] admitted Galarza was acting in the course and scope of his employment with the USPS during all times relevant to the Complaint but denied Galarza was negligent." Docket 22 ¶ 20; Docket 25 ¶ 20.

## DISCUSSION

### I.   Judicial Notice

As a preliminary matter, the Court addresses Mack's request for the Court to "take judicial notice of the fact that Galarza pleaded guilty to and was convicted of careless driving under SDCL 32-24-8[.]" Docket 21 at 2. The government does not dispute that the "citation and South Dakota State Court Judgment of Conviction and Sentence of the Court" exists. Docket 24 at 3. Therefore, it does not object to the Court taking judicial notice of the existence of these documents; however, it contends that taking "judicial notice of any

3

*underlying facts* of the" conviction "would not be appropriate in applying them
to the present case." *Id.* (emphasis added).

Under Federal Rule of Evidence 201, a court may take judicial notice of
information "not subject to reasonable dispute because it (1) is generally known
within the trial court's territorial jurisdiction; or (2) can be accurately and
readily determined from sources whose accuracy cannot reasonably be
questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any
stage of the proceeding." Fed. R. Evid. 201(d). Courts may take judicial notice
of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757,
760 n.2 (8th Cir. 2005). However, "[j]udicial notice of another court's opinion
takes notice of existence of the opinion, which is not subject to reasonable
dispute over its authenticity, but not of the facts summarized in the opinion."
*McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014) (cleaned
up). Nonetheless, under Rule 201, a court may take judicial notice of an
adjudicative fact as long as such a fact "is not subject to reasonable dispute[.]"
Fed. R. Evid. 201(b). Adjudicative facts are "facts that normally go to the jury in
a jury case. They relate to the parties, their activities, their properties, their
businesses." Fed. R. Evid. 201(a) advisory committee notes (citation omitted);
*see United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976) (stating that
adjudicative facts concern "who did what, where, when, how and with what
motive or intent" (citation omitted)).

Here, the Court finds that judicial notice is proper as to certain facts not
reasonably subject to dispute. Specifically, the Court takes judicial notice of:

(1) the fact that Galarza pled guilty to and was convicted of careless driving under SDCL § 32-24-8; and (2) the judgment of conviction and sentence entered by the state court. *See Stutzka*, 420 F.3d at 761 n.2 (taking judicial notice of the default judgment in a related case in its consideration); *BMO Harris Bank, N.A. v. MCM, Inc.*, Civil No. 17-335 (DWF/KMM), 2017 WL 3443238, at *4 (D. Minn. Aug. 8, 2017) (taking "judicial notice of the aspects that are not subject to reasonable dispute" in the contempt order). These facts have been expressly admitted to by the government in its response to Mack's statement of undisputed material facts and are therefore not subject to reasonable dispute. Docket 25 ¶ 17; Docket 24 at 3; *see* Fed. R. Evid. 201(b).

## II.    Summary Judgment

"[S]ummary judgment is an extreme remedy, and one which is not to be granted unless the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 209 (8th Cir. 1976). The purpose of summary judgment is not "to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467 (1962) (quoting *Sartor v. Ark. Nat'l Gas Corp.*, 321 U.S. 620, 627 (1944)). Rather, it is designed to "avoid[ ] useless, expensive and time-consuming trials where there is actually no genuine, factual issue remaining to be tried." *Anderson v. Viking Pump Div., Houdaille Indus.*, 545 F.2d 1127, 1129 (8th Cir. 1976).

Under Federal Rule of Civil Procedure 56(a), a movant is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its burden, the nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000) (citation omitted).

Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. *Liberty Lobby*, 477 U.S. at 248. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48. A disputed issue is "genuine" when the evidence produced "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is considered "material" if it "might affect the outcome of the suit under the governing law[.]" *Id.* "As to materiality, the substantive law will identify which facts are material . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

6

"In considering a motion for summary judgment the court does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *Great Plains Real Est. Dev., L.L.C. v. Union Cent. Life Ins. Co.*, 536 F.3d 939, 943-44 (8th Cir. 2008) (citation omitted). Rather, the court only determines whether there are any disputed issues concerning the existence of material facts and, if so, whether those disputes are genuine. *See Liberty Lobby*, 477 U.S. at 251-52; *see also Wilson v. Myers*, 823 F.2d 253, 256 (8th Cir. 1987) ("Summary judgment is not designed to weed out dubious claims, but to eliminate those claims with no basis in material fact.").

Here, Mack seeks partial summary judgment on two issues: (1) whether Galarza was negligent in the operation of his vehicle at the time of the incident, and (2) whether Galarza was acting within the course and scope of his employment with the USPS at the time in question. Docket 20. In its opposition response, the government does not substantively dispute either issue at this stage but instead urges the Court to defer ruling on Mack's motion until the parties have had the opportunity to engage in adequate discovery. Docket 24 at 3-5. The government asserts that it has not yet had access to critical discovery necessary to ascertain facts essential to the development of its defenses and, as a result, is presently unable to properly oppose Mack's motion at this time. *Id.* at 4. In his reply, Mack asserts that the government has been on notice and had the opportunity to investigate his claim before the commencement of this action. Docket 27 at 5 n.3 (noting that the government acknowledged it received his claim on November 9, 2023). Mack further asserts that "[s]ince

7

filing its responsive materials, the [government] has deposed A.M., Jean Backman, and June Backman." *Id.* at 6 n.4.

### a. Whether partial summary judgment on the issue of negligence is appropriate.

Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f))[2] permits a party opposing summary judgment to request the court defer decision on a summary judgment motion until adequate discovery is completed. The Eighth Circuit has explained that:

> To obtain a Rule 56(f) continuance, the party opposing summary judgment must file an affidavit "affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."

*Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir 2010) (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)); *see Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008) ("Unless a party files an affidavit under Federal Rule of Civil Procedure 56(f) showing what facts further discovery may uncover, 'a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it.'" (quoting *Nolan v. Thompson*, 521 F.3d 983, 986 (8th Cir. 2008)).

---

[2] Rule 56(f) was "recodified without substantial change as Rule 56(d)" in December 2010. *Chambers v. Travelers Cos., Inc.*, 668 F.3d 559, 568 (8th Cir. 2012) (internal quotation marks omitted). The textual changes were for stylistic purposes, and "the case law developed under the Rule 56(f) version remains controlling precedent." *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, No. C11-3005-MWB, 2012 WL 2906462, at *2 n.1 (N.D. Iowa July 16, 2012).

Accordingly, it is not enough to assert in general terms that additional facts *may* be uncovered. Rather, the party invoking Rule 56(d) must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (citation omitted); *see Simmons Oil Corp. v. Tesoro Petrol. Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996) (explaining that a party invoking Rule 56(f) relief "must demonstrate specifically 'how postponement of a ruling on the motion will enable it, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact'" (quoting *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied*, 424 U.S. 915 (1976)).

Here, the government has filed the declaration of Yvette K. LaFrentz pursuant to Federal Rule of Civil Procedure 56(d) summarizing the timeline of discovery in the case as of December 10, 2024, and describing the witnesses it planned to depose that may have information about liability. Docket 26. The declaration also describes that hundreds of documents were provided in Mack's initial disclosures which included investigation records and a video. *Id.* ¶ 4. The government contends that Mack served his initial disclosures on October 31, 2024, just nineteen days prior to filing his motion for partial summary judgment. *Id.* ¶¶ 2, 4. The government asserts that it has not yet had the opportunity to depose any witnesses, including the two individuals who

allegedly observed the accident. Docket 24 at 4.[3] The government thus asserts

that it "is unable to discover the facts necessary to support any defenses they

may have" and that they should be "afforded the opportunity to discover any

facts that may assist in its defense[.]" *Id.* at 4-5. In response, Mack argues that

the government's Rule 56(d) motion is deficient because it fails to specifically

identify the facts it seeks to uncover through further discovery. Docket 27 at 6.

He contends that the government makes only vague references to individuals it

intends to depose and "fails to explain what specific facts it hopes to uncover

through said depositions[.]" *Id.*

The Court finds that the government has identified with sufficient

specificity which witnesses it wishes to depose and has identified that this

discovery is related to the issue of liability. "Under the Federal Rules of Civil

Procedure, the parties must be afforded adequate time for general discovery

before being required to respond to a motion for summary judgment." *Metro.*

*Life Ins. Co. v. Bancorp Servs., L.L.C.,* 527 F.3d 1330, 1336–37 (Fed. Cir. 2008)

(citing *Iverson v. Johnson Gas Appliance Co.,* 172 F.3d 524, 530 (8th Cir. 1999)

("[S]ummary judgment is proper 'only after the nonmovant has had adequate

time for discovery.'" (additional citations omitted)). "When, as here, there has

been no adequate initial opportunity for discovery, a strict showing of necessity

and diligence that is otherwise required for a Rule 56(f) request for additional

discovery does not apply." *Id.* at 1337 (internal citation omitted). Given the

---

[3] Mack indicated in his reply brief that the government did take the depositions of
A.M., Jean Backman and June Backman, albeit after it responded to Mack's motion
for partial summary judgment. Docket 27 at 6 n.4.

government's specific indication of what witnesses it wishes to depose who may have information as to liability, the early stage of discovery, and the timing of Mack's motion, the Court finds it appropriate to permit the government additional time to conduct discovery as it pertains to the issue of liability. Thus, Mack's partial motion for summary judgment on the issue of negligence is denied.

### b. *Whether partial summary judgment on the issue of scope of employment is appropriate.*

On the issue of whether Galarza's alleged conduct occurred within the scope of his employment with the USPS, the government has not identified any relevant information it expects to obtain through further discovery that would create a genuine dispute of material fact. *See Bell v. Young*, 4:21-CV-04134-LLP, 2022 WL 4482855, at *19 (D.S.D. Sept. 27, 2022) (denying plaintiff's request to defer ruling due to his failure to present any evidence or specific allegations sufficient to raise a genuine issue of material fact). In addition, the government has admitted this issue in both its answer and its response to Mack's statement of undisputed material facts. *See* Docket 8 ¶ 10; Docket 25 ¶¶ 1, 20. Under these circumstances, the Court finds no basis to defer ruling on Mack's motion for partial summary judgment as to the issue of scope of employment.

The parties agree that Galarza was acting within the scope of his employment at the time of the incident. Docket 22 ¶ 20; Docket 25 ¶ 20. They also agree that on August 19, 2023, at approximately 11:15 a.m., Galarza was driving from the Summit Office to the Peever Office, and that such travel was in

the course and scope of his employment duties with the USPS. Docket 22 ¶ 1; Docket 25 ¶ 1; *see* Docket 1 ¶ 10; Docket 8 ¶ 10. Therefore, and based on the undisputed facts before the Court, the Court finds that Galarza was acting within the scope of his employment with the USPS at the time of the accident and grants Mack partial summary judgment on this issue.

Accordingly, it is hereby

ORDERED that the Court takes judicial notice of the fact that Galarza pled guilty to and was convicted of careless driving under SDCL § 32-2-8 and that the judgment of conviction and sentence was entered by the state court. It is further

ORDERED that Mack's motion for partial summary judgment on the issue of negligence, Docket 20, is denied without prejudice. It is further

ORDERED that Mack's motion for partial summary judgment on the issue of scope of employment, Docket 20, is granted.

Dated June 5, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE